VIRGINIA:

IN THE CIRCUIT COURT FOR CHESTERFIELD COUNTY

FRANCES J. BELISLE and )
PIERRE BELISLE, )
  )
       Plaintiffs, )
  )
v. ) Case No. CL18-941
  )
ANGELA BAXTER, *et al.*, )
  )
       Defendants. )

## **RESPONSIVE PLEADING OF DONALD R. KYLES**

### DEMURRER

Defendant Donald R. Kyles, by counsel, demurs to the Complaint against him on the ground that it is insufficient as a matter of law and ought not be prosecuted for the following reasons:

1.     The plaintiffs fail to state a cause of action for defamation against Mr. Kyles. In Virginia, the elements of defamation are (1) publication of (2) an actionable statement with (3) the requisite intent. *Jordan v. Kollman*, 269 Va. 569, 575, 612 S.E.2d 203, 206 (2005). To be actionable, the statement must be both false and defamatory. *M. Rosenberg & Sons v. Craft*, 182 Va. 512, 518, 29 S.E.2d 375, 378 (1944); *Ewell v. Boutwell*, 138 Va. 402, 415, 121 S.E. 912, 916 (1924). *See also Chapin v. Knight–Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir.1993).

To determine whether a statement is actionable, one must first know the statement(s) alleged to have been made by the defendant. "Good pleading requires that the exact words spoken or written must be set out in the declaration *in haec verba*. Indeed, the pleading must go further,—that is, it must purport to give the exact words." *Federal Land Bank of Baltimore v. Birchfield*, 173 Va. 200, 217, 3 S.E.2d 405, 411 (1939). The plaintiffs do not allege the

**EXHIBIT D**

statements allegedly made by Mr. Kyle. Accordingly, they have not stated a cause of action for defamation.

Moreover, true statements do not support a cause of action for defamation. *American Communications Network, Inc. v. Williams*, 264 Va. 336, 337, 568 S.E.2d 683, 684 (2002). With respect to Mr. Belisle's defamation claim, the plaintiffs allege that Mr. Kyles repeatedly told Mr. Belisle that he considered Mr. Belisle's actions of boarding his bus and blocking the door of the bus while verbally accosting Mr. Kyles to be threatening. To the extent that he reported Mr. Belisle's conduct and words spoken to a law enforcement officer, who then decided whether to charge Mr. Belisle and with what criminal Code violation, such statements would be true and not actionable.

Further, statements of opinion are generally not actionable because such statements cannot be objectively characterized as true or false:

> Thus, speech which does not contain a provably false factual connotation, or statements which cannot reasonably be interpreted as stating actual facts about a person cannot form the basis of a common law defamation action. Statements that are relative in nature and depend largely upon the speaker's viewpoint are expressions of opinion.

*Fuste v. Riverside Healthcare Ass'n, Inc.*, 265 Va. 127, 132–33, 575 S.E.2d 858, 861 (2003) (citations and internal quotation marks omitted). Whether a statement is an actionable statement of fact or non-actionable opinion is a matter of law to be determined by the court. *Chaves v. Johnson*, 230 Va. 112, 119, 335 S.E.2d 97, 101 (1985).

Again, if Mr. Kyles reported to a law enforcement officer that he considered Mr. Belisle's behavior to be threatening, such statement would form an opinion that would not be actionable. Additionally, with respect to Mrs. Belisle, the plaintiffs allege that Mr. Kyles

2

testified in Court that Mrs. Belisle was belligerent and using profanity. Such statements constitute opinion and are not actionable.

Accordingly, the plaintiffs have failed to state a claim against Mr. Kyles for defamation under Count VII of the Complaint.

2. To the extent that the plaintiffs have stated a claim for defamation against Mr. Kyles, Mr. Kyles is entitled to absolute immunity for statements made during the course of Mrs. Belisle's criminal trial. In Virginia, it is well-settled that a testifying witness enjoys absolute immunity for any defamatory statements made during a judicial proceeding, provided those statements are relevant to the subject matter of the proceeding. *Doe v. Roe*, 295 F. Supp. 3d 664, 674 (E.D. Va. 2018); *see Shabazz v. PYA Monarch, LLC*, 271 F.Supp.2d 797, 803 (E.D. Va. 2003) (citing *Darnell v. Davis*, 190 Va. 701, 707, 58 S.E.2d 68 (1950)). The Supreme Court has recognized that absolute immunity in this context assures that "witnesses can perform their [ ] functions without harassment or intimidation," while, at the same time, "the safeguards built into the judicial process tend to reduce the need for private damages actions as a means of controlling [ ] conduct." *Butz v. Economou*, 438 U.S. 478, 512, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

To the extent that the statements attributed to Mr. Kyles were made during the course of her criminal trial and were relevant to the subject matter of the proceeding, Mr. Kyles is entitled to absolute immunity for those statements.

3. To the extent that Mr. Kyles' statements about Mr. Belisle to law enforcement officers were purportedly defamatory, he is entitled to qualified immunity. "Communication[s], made in good faith, on a subject matter in which the person communicating has an interest, or owes a duty, legal, moral, or social, is qualifiedly privileged if made to a person having a corresponding interest or duty." *Taylor v. Grace*, 166 Va. 138, 144, 184 S.E. 211, 213 (1936);

3

*Daniczek v. Spencer*, 156 F. Supp. 3d 739, 752 (E.D. Va. 2016); *Donner v. Rubin*, 77 Va. Cir. 309 (2008) (relying on *Gov't Micro Res., Inc. v. Jackson*, 271 Va. 29, 42, 624 S.E.2d 63 (2006)). A plaintiff may only overcome a qualified privilege by showing malice. *Great Coastal Exp., Inc. v. Ellington*, 230 Va. 142, 151, 334 S.E.2d 846 (1985).

Under the facts as alleged in the Complaint, to the extent that Mr. Kyles made statements to Officer Costello related to Mr. Belisle's act of boarding his bus, blocking the door to the bus, and verbally accosting him, Mr. Kyles made such statements to a law enforcement officer who has a duty to investigate crimes related to such conduct and an interest in the communications made. Accordingly, Mr. Kyles would be entitled to qualified immunity.

Qualified immunity may only be thwarted by a showing of malice. "Malice sufficient to overcome a qualified privilege is behavior actuated by motives of personal spite, or ill-will, independent of the occasion on which the communication was made." *Fuste v. Riverside Healthcare Ass'n, Inc.*, 265 Va. 127, 134-35, 575 S.E.2d 858, 862-63 (2003). To avoid the qualified privilege plaintiff must show [by clear and convincing evidence] that "the communication was actuated by some sinister or corrupt motive such as hatred, revenge, personal spite, ill will, or desire to injure the plaintiff." *Echtenkamp v. Loudon County Public Schools*, 263 F.Supp.2d 1043, 1062 (E.D.Va.2003) (quoting *Southeastern Tidewater Opportunity Project, Inc. v. Bade*, 246 Va. 273, 276, 435 S.E.2d 131, 132–133 (1933)). The Complaint states no factual allegation to support a showing of malice.

Moreover, courts have found that assertions that a defendant acted "with malice" and with a "motive of personal spite and revenge" are not, by themselves, sufficient to state a claim of malice sufficient to overcome the qualified privilege. Such conclusory allegations do not state a claim for malice if the facts as alleged cannot otherwise support a finding of malice. *See*

4

*Young v. City of Mount Rainier*, 238 F.3d 567, 577 (4th Cir.2001) (holding that plaintiff does not state a claim requiring "deliberate indifference" merely by "throw[ing] in words and phrases such as 'deliberate indifference,' 'malicious,' 'outrageous,' and 'wanton' when describing the conduct").

Finally, the plaintiffs have failed to state any facts to support their conclusory statements that Mr. Kyles imputed that they were unfit to perform the duties or office of their employment or even that Mr. Kyles knew or was otherwise aware of how the plaintiffs were employed, and the plaintiffs have not alleged any facts to support any showing of damage to the plaintiffs in their profession.

Accordingly, the plaintiffs have failed to state a claim of defamation, and Count VII of the Complaint must be dismissed.

4. Mr. Belisle fails to state a claim for malicious prosecution in Count VI because the plaintiffs failed to allege facts sufficient to establish that Mr. Kyles acted with malice, that he instituted or cooperated with Mr. Belisle's prosecution, or that there was a lack of probable cause for Mr. Belisle's arrests for the reasons stated in the accompanying Plea in Bar.

None of the facts of the Complaint support a claim of malice. The plaintiff does not allege any facts to support a showing that Mr. Kyles was motivated by some sinister or corrupt motive such as hatred, revenge, personal spite, ill will, or desire to injure the plaintiff. Moreover, an inference of malice is not appropriate as the facts of the Complaint support a finding of probable cause. *See Wiggs v. Farmer*, 205 Va. 149, 135 S..2d 829 (1964). To support a claim of malicious prosecution, the plaintiff must be able to prove both malice and a want of probable cause. *Id.*

5

As for proof that Mr. Kyles instituted or cooperated in the prosecution of the defendant, the plaintiff has pled no such facts. A malicious prosecution plaintiff must show that the defendant did more than merely give information that included an identification, e.g., that he requested the initiation of proceedings, signed a complaint, or swore out an arrest warrant against the plaintiff. *Brice v. Nkaru*, 220 F.3d 233, 239 (4th Cir. 2000). A private party does not proximately cause injuries from an arrest "absent some showing that [the] private party 'had some control' over the state officials' decision." *Id.* On the facts of the Complaint, the only action taken by the plaintiff was to report to the Hopewell police that "Pierre had 'threatened' Kyles." Compl. ¶ 71. Further, the Complaint alleges that Costello sought and obtained the warrant for arrest on the charge for obstruction. *Id.*

Because the facts of the Complaint as pled defeat a claim of malicious prosecution as stated in Count VI, the claim fails and must be dismissed.

5.  The plaintiffs fail to state a claim for insulting words under Virginia Code § 8.01-45. The plaintiffs fail to state what "fighting words" were spoken by Mr. Kyles. As to Mr. Belisle, the entirety of the words purportedly spoken are set forth in paragraphs 64-67 of the Complaint and include the following: "I'm proud of myself" in response to Mr. Belisle's provocation that he should be ashamed of himself; "Don't threaten me" in response to Mr. Belisle boarding Mr. Kyles' bus and blocking the entrance/exit to the bus and repeatedly calling him a liar; that Mr. Kyles would "make a complaint to Dr. Hackney (the Superintendent of Hopewell City Public Schools)" if Mr. Belisle did not leave his bus and stop talking to him; and "I feel threatened" and "step away from my bus" in response to Mr. Belisle's continued harassment.

To state a claim under Virginia Code § 8.01-45, the plaintiff must establish that Mr. Kyles said words that, in their usual construction and common acceptance, are construed as insults *and* tend to violence and breach of the peace. None of the words attributed to Mr. Kyles could be interpreted as insults, and only a man, who is of such incendiary nature as to be provoked to rage when faced with any response other than complete submission by the person he is bullying and harassing, would be compelled to violence or to breach the peace upon hearing another man say, "I'm proud of myself.... Don't threaten me.... I feel threatened.... Step away from my bus."

While it is true that a false accusation of a crime is insulting and can establish an insulting words claim under Virginia law (*see Trail v. General Dynamics Armament and Technical Products, Inc.*, 697 F. Supp. 2d 654 (W.D. Va. 2010)), there are no facts alleged in the Complaint to substantiate a claim that Mr. Kyles reported any statement to the police that was not otherwise true. Mr. Belisle's conduct alone – as alleged in the Complaint – is sufficient, when coupled with Mr. Kyles' status as a prosecution witness against Mr. Belisle's wife, for probable cause to arrest Mr. Belisle for obstructing justice. Moreover, there are no facts asserted in the Complaint to substantiate any claim that Mr. Kyles alleged that Mr. Belisle was obstructing justice or otherwise sought an arrest warrant for that crime.

Also, as a claim for insulting words is treated as an action for defamation, the plaintiff's insulting words claim fails for the same reason that his defamation claim fails as stated above. Accordingly, Count VIII of the Complaint should be dismissed.

## **PLEA IN BAR**

Defendant Donald R. Kyles further submits this plea in bar to the Complaint as follows:

1.	The claim for malicious prosecution fails and should be dismissed. In Virginia, a plaintiff in a malicious prosecution case must prove "by a preponderance of the evidence that the prosecution was: (1) malicious; (2) instituted by, or with the cooperation of, the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff." *Bennett v. R & L Carriers Shared Servs., LLC*, 744 F. Supp. 2d 494, 510 (E.D. Va. 2010), *aff'd*, 492 F. App'x 315 (4th Cir. 2012) (quoting *Hudson v. Lanier,* 255 Va. 330, 497 S.E.2d 471, 473 (1998)). The malicious prosecution claim fails for the reasons stated in the defendant's demurrer and because Mr. Belisle's acknowledged behavior, coupled with Mr. Kyles' status as a prosecution witness against Mr. Belisle's wife in an ongoing criminal matter, created probable cause for arrest.

Mr. Belisle asserts in the Complaint that he boarded the defendant's bus on September 18, 2017, blocking the open door to the bus, and repeatedly called Mr. Kyles a liar, said he should be ashamed of himself, and stated "you had your 15 minutes of glory under the sun, but you are a low life lair." Mr. Belisle also acknowledges that Mr. Kyles asked Mr. Belisle to "step away from my bus" and stated that he was going to make a complaint about Mr. Belisle's conduct. (Compl. ¶¶ 63-68.) Mr. Kyles asked Mr. Belisle to stop talking to him and leave and told him that he would make a complaint if he did not, and in response, Mr. Belisle said "go ahead, please go ahead." (*Id.* ¶ 66.) Mr. Belisle continued to verbally harass Mr. Kyles even after Mr. Kyles told Mr. Belisle that he felt threatened. (*Id.* ¶ 66-68.)

Mr. Belisle accosted Mr. Kyles on the day on which Mr. Kyles testified against Mrs. Belisle in her criminal trial in Hopewell General District Court, where she was found guilty of disorderly conduct under Virginia Code § 18.2-415. Mrs. Belisle appealed her conviction to Circuit Court the same day she was convicted, and her appeal was pending at the time that Mr.

Belisle accosted Mr. Kyles for serving as a witness against his wife. Mr. Kyles reported Mr. Belisle's behavior, which Mr. Kyles found threatening. *See* Compl. ¶¶ 65, 67, 71.

Officer Costello interpreted Mr. Belisle's behavior as probable cause for an arrest for obstruction due to the pendency of the appeal and Mr. Kyles' status as a prosecution witness against Mr. Belisle's wife.

WHEREFORE, defendant Donald R. Kyles, by counsel, moves this Court to dismiss the claims against him with prejudice and for such other and further relief as the nature of this case requires.

Respectfully submitted,

DONALD R. KYLES

*/s/ Jennifer D. Royer*
Of Counsel

Jennifer D. Royer, VSB # 68099
ROYER LAW FIRM, P.C.
PO BOX 4525
Roanoke, Virginia 24015
540.788.2982  Telephone
540.675.4093  Facsimile
jroyer@royerlawfirm.com
*Counsel for Defendant Donald R. Kyles*

## CERTIFICATE

I hereby certify that on this 19th day of July, 2018, I caused a true copy of the foregoing to be sent via US Mail, first class and postage prepaid, to the following:

Steven S. Biss, Esq.
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
*Counsel for the plaintiff*

Jeremy D. Capps, Esq.
Harmon Claytor Corrigan & Wellman
4951 Lake Brook Drive, Suite 100
Glen Allen, Virginia 23060
*Counsel for defendants Baxter, Whittington, & Costello*

_____
Jennifer D. Royer