IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FRANCES J. BELISLE AND PIERRE
BELISLE,

    Plaintiff,

v.                                                           Case No. 3:18-cv-514-MHL

ANGELA BAXTER, MICHAEL
WHITTINGTON, LAWRENCE COSTELLO
AND DONALD R. KYLES,

    Defendants.

**BRIEF IN SUPPORT OF MOTION TO DISMISS
FILED BY BAXTER, WHITTINGTON AND COSTELLO**

**I.  Introduction**

This matter arises out of the arrest of Francis Belisle ("Mrs. Belisle") for disorderly conduct during a school sponsored event at the Hopewell High School.  After Mrs. Belisle was convicted of disorderly conduct in the General District Court for the City of Hopewell, she appealed.  On appeal, the Commonwealth Attorney's office decided to *nolle prosequi* the charges.  Emboldened by this decision, Mrs. Belisle now brings claims of malicious prosecution under 42 U.S.C. § 1983 and state law, false imprisonment, defamation and insulting words under Virginia Code § 8.01-45 against Officers Baxter ("Baxter") and Whittington ("Whittington") and a claim for defamation against Officer Costello ("Costello").  Despite Mrs. Belisle's conclusory allegations, none of the claims can survive a motion to dismiss.

In the course of Mrs. Belisle's criminal litigation, her husband, Pierre Belisle ("Mr. Belisle"), confronted a witness in her criminal trial.  The witness, Donald Kyles ("Kyles"), reported Mr. Belisle's conduct and Mr. Belisle was charged with obstruction of justice.  Now

that these charges were dismissed, Mr. Belisle brings suit against Costello for malicious prosecution, defamation and insulting words under Virginia Code § 8.01-45. Like his wife, Mr. Belisle has not alleged sufficient facts to state a cause of action.[1]

## II. Allegations

On March 25, 2017, Hopewell City Public Schools held a community event at the Hopewell High School. (Complaint ¶ 9). On that day, Mrs. Belisle accompanied her daughter to the Hopewell High School. (Id. ¶ 11).

City of Hopewell police were working this school event. (Id. ¶ 13). To ensure the safety and welfare of the public and to promote orderly conduct of the event, the officers blocked the auditorium and a hallway from the general public. (Id. ¶¶ 13, 14). When Mrs. Belisle arrived, she was initially not allowed to walk into the restricted area. However, the officers eventually allowed her into the restricted area so that she could walk her daughter down the hallway to the classroom. (Id. ¶¶ 14 and 16).

Upon her return, Mrs. Belisle observed Baxter preventing another adult from entering the restricted hallway. Mrs. Belisle intervened and told Baxter that either the parents should be allowed to escort their children to the classrooms or the officers should escort each child to the classrooms. (Id. ¶ 19). When Mrs. Belisle continued to engage Baxter, Baxter warned her to leave the property. When Mrs. Belisle refused and continued to engage Baxter, she was placed

---

[1] On July 24, 2018, Baxter, Whittington and Costello filed a Demurrer in the Circuit Court of Chesterfield. (ECF Doc. 1-2) On July 25, 2018, with the consent of Kyles, defendants filed a Notice of Removal with this Court. (ECF Doc. 1). Pursuant to the Federal Rules of Civil Procedure 81 (c)(2), the Demurrer filed in state court is the federal equivalent to a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6). See also, Morgan v. Wal-Mart Stores E., LP, No. 3:10 cv 669, 2010 WL 4394096, at *2 (E.D. Va. Nov. 1, 2010) and McCray v. Ardelle Assoc. Inc., No. 4:14 cv 158, 2015 WL 3886318, at *3 (E.D. Va. June 23, 2015).

in handcuffs.  (Id. ¶¶ 19, 20 and 21).   Baxter advised Mrs. Belisle that she was being arrested for disorderly conduct in a public place.  (Id. ¶ 27).

After Mrs. Belisle was placed in handcuffs, Baxter and another officer took her outside. Whittington then told Baxter to take Mrs. Belisle to the principal's office.  (Id. ¶ 34).  Thereafter, Whittington advised that Mrs. Belisle was being released on summons.  (Id. ¶ 42).

Mrs. Belisle was tried on the disorderly conduct charge on September 18, 2017 in the General District Court for the City of Hopewell, where witnesses, including Kyles and Baxter testified.  (Id. ¶¶ 55 and 60).  Mrs. Belisle was found guilty of disorderly conduct following the trial.  (Exhibit 1).[2]  On the day that Mrs. Belisle was found guilty in General District Court, Mr. Belisle confronted Kyles about his testimony during the trial earlier that day.  (Id. ¶¶ 62 through 68).   Kyles felt threatened and reported that Mr. Belisle's had threatened him to the school Superintendent and Hopewell police.  (Id. ¶ 71).   Based on Kyle's complaint, Costello obtained a warrant against Mr. Belisle for obstruction of justice.  (Id. ¶ 72).

A subsequent trial for Mrs. Belisle was scheduled in the Circuit Court of Hopewell, on or about January 10, 2018.  (Id. ¶¶ 82 and 83).  Shortly before the trial in the Circuit Court, the Commonwealth Attorney dismissed the charge by *nolle prosequi*.  (Id. ¶ 83).  Additionally, the charge against Mr. Belisle was dismissed by the Commonwealth in January of 2018.  (Id. ¶ 82).

### III.  Law and Argument

**A.**     <u>**Standard of review.**</u>

The purpose of a motion to dismiss is "to test the legal sufficiency of the complaint." <u>Randall v. U.S.</u>, 30 F.3d 518, 523 (4th Cir. 1994).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[2] The Complaint is silent on the results of the General District Court trial, but alleges another criminal trial on the same charge was scheduled in the Circuit Court against Mrs. Belisle.

on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  A claim is "plausible" when the plaintiff pleads facts sufficient to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.  <u>Twombly</u>, 550 U.S. at 556.  A court should grant a motion to dismiss, however, where the allegations are nothing more than legal conclusions, or where they permit a court to infer no more than a possibility of misconduct.  <u>See Iqbal</u>, 556 U.S. at 678–79.  Thus, where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  <u>See Id.</u> at 678.

The Court need not accept legal conclusions that are presented as factual allegations, <u>id</u>. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments."  <u>Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship</u>, 213 F.3d 175, 180 (4th Cir. 2000).  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557); <u>see also, Tobey v. Jones</u>, 706 F.3d 379, 387–88 (4th Cir. 2013).

Furthermore, when deciding a motion to dismiss,

[W]hen a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment.  This ruling encompasses not only documents quoted, relied upon, or incorporated by reference in the complaint, but also official public records pertinent to the plaintiffs' claims.

<u>Gasner v. County of Dinwiddie</u>, 162 F.R.D. 280, 282 (E.D. Va. 1995) (internal citation omitted); <u>Witthohn v. Federal Ins. Co.</u>, 164 F. App'x 395, 396 (4th Cir. 2006); <u>Rollins v. Kjellstrom & Lee, Inc.</u>, 109 F. Supp. 3d 869, 873 (E.D. Va. 2015).

Here, the allegations in the Complaint, even accepted as true, do not state a claim for relief against Baxter, Whittington or Costello as a matter of law.  As such, the Motion to Dismiss should be granted, and the Complaint should be dismissed with prejudice.

**B.** **Mrs. Belisle has not stated a claim against any of the Defendants.**

**1.** **COUNTS I and II: The Complaint does not state a claim for malicious prosecution under 42 U.S.C. §1983 or Virginia law against Baxter and Whittington.**

A section 1983 malicious prosecution claim is properly understood as a Fourth Amendment claim.  Burrell v. Virginia, 395 F.3d 508 (4th Cir. 2005).  The Fourth Circuit has recently reiterated that Section 1983 malicious prosecution claims are "founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution."  Smith v. Munday, 848 F.3d 248, 252-253 (4th Cir. 2017).

Thus, to state a claim, Mrs. Belisle must allege that "[1] the defendant ha[s] seized plaintiff pursuant to legal process that was not supported by probable cause and [2] that the criminal proceedings have terminated in plaintiff's favor."  Id.; Copenny v. City of Hopewell, 7 F. Supp. 3d 635, 639 (E.D. Va. 2014), citing Willis v. Blevin, 966 F.Supp.2d 646, 654-55 (E.D. Va. 2013) and Evans v. Chalmers, 703 F.3d 636, 747 (4th Cir. 2012).

Similarly, common law malicious prosecution actions arising from criminal proceedings are not favored in Virginia, and the requirements for maintaining such actions are more stringent that those applied to other tort cases to ensure that criminal prosecutions are brought in appropriate cases without fear of reprisal by civil actions.  Lewis v. Kei, 281 Va. 715, 723, 708 S.E.2d 884, 889 (2011); O'Connor v. Tice, 281 Va. 1, 704 S.E.2d 572 (2011).  In order to state a claim for common-law malicious prosecution, Mrs. Belisle must prove four elements: that the prosecution was 1) malicious, 2) instituted by or with the cooperation of the defendant, 3)

without probable cause and 4) terminated in a manner not unfavorable to the plaintiff.  Lewis v. Kei, 281 Va. at 722.

In the context of a malicious prosecution action, probable cause is defined as "knowledge of such facts and circumstances to raise the belief in a reasonable mind, action on those facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." Daniczek v. Spencer, 156 F.Supp.3d 739, 754 (E.D. VA. 2016), citing Andrews v. Ring, 266 Va. 311, 585 S.E.2d 780, 786 (2003). Probable cause requires more than bare suspicion, but it requires less than evidence necessary to convict. Probable cause "is not a high bar."  Spivey v. Norris, No. 17-1493, 2018 WL 1768248, at *4 (4th Cir. Apr. 12, 2018).

> a. **The Complaint does not allege sufficient facts to show that Whittington caused or participated in the prosecution of Mrs. Belisle.**

The Complaint is devoid of allegations to establish Whittington seized Mrs. Belisle or instituted the prosecution against her.  Instead, the Complaint admits that Whittington arrived after Mrs. Belisle was arrested and in handcuffs. (Complaint ¶¶ 34, 45). Furthermore, Whittington "told Baxter to take Fran [to] the principal's office" after Baxter allegedly said she was taking Mrs. Belisle to jail.  (Id.)  Thereafter, Baxter advised that Mrs. Belisle would "be released on a summons and that she and Pierre would be able to attend their 9-year old's pre-performance."  (Id. ¶¶ 34, 41 and 42).  Indeed, a summons was issued by Baxter.  (Exhibit 1). Thus, the Complaint contains nothing more than the conclusory allegation that Whittington seized or instituted the prosecution of Mrs. Belisle.  This is not sufficient to state a cause of action against Whittington, and Counts I and II should be dismissed.  See, Lewis v. Kei, 281 Va. at 723("assertion that Kei lacked probable cause to seek a warrant for his arrest is a legal conclusion, not a statement of fact.")

### b.      Baxter and Whittington did not "cause" Mrs. Belisle's prosecution.

As this Court has recognized, common-law torts and constitutional torts require "both but-for and proximate causation."  Copenny, 7 F.Supp. 3d at 639.  Thus, the intervening acts of independent decision makers, such as prosecutors and grand juries, may constitute "superseding causes that break the causal chain between a defendant-officer's misconduct and a plaintiff's unlawful seizure."  These intervening acts can "insulate a police officer from liability." Copenny, 7 F.Supp. 3d at 640.

Here, the Complaint establishes that the Commonwealth Attorney's office decided to pursue the charges against Mrs. Belisle with a trial in General District Court.  Moreover, Mrs. Belisle was found guilty of disorderly conduct following that trial. (Exhibit 1).  As this Court acknowledged, in Virginia the decision to prosecute belongs to the Commonwealth's Attorney. Further, the District Court Judge's decision to convict Mrs. Belisle is at a minimum the equivalent to a grand jury's decision to indict.  Thus, Baxter and Whittington did not "cause" Mrs. Belisle's prosecution.

While there can be circumstances where an officer can be liable if the officer presented false evidence, hide evidence of innocence, or unduly pressure a prosecutor into pressing charges, aside from unsupported conclusory assertions, the Complaint does not allege facts that could support this exception.  Accordingly, Mrs. Belisle's malicious prosecution claims should be dismissed.  Copenny, 7 F.Supp. 3d at 640.

### c.      There was probable cause to arrest Mrs. Belisle.

Moreover, the facts alleged in the Complaint show sufficient probable cause for Mrs. Belisle's arrest.  Disorderly conduct under Virginia Code § 18.2-415 includes conduct, "with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof"

that "willfully … disrupts the operation of any school or any activity conducted or sponsored by any school, if the disruption (i) prevents or interferes with the orderly conduct of the operation or activity …" Va. Code § 18.2-415 (C).

Here, Mrs. Belisle was allowed to accompany her daughter down a hallway that was not open to the general public, despite initially being told she could not do so.  (Complaint ¶¶16 and 17).  Yet, instead of leaving the area after dropping her daughter off, Mrs. Belisle returned and interjected herself in Baxter's conversation with another parent who was also attempting to enter the restricted hallway.  Mrs. Belisle continued to argue with Baxter and demanded that parents be allowed behind the barricade.  (Id. ¶ 18, 19 and 27).  She proceeded to tell Baxter what Baxter should be doing as part of her job, and refused to follow Baxter's orders.  (Id. ¶¶ 20 and 21).  Baxter warned Mrs. Belisle that she needed to leave or she would be arrested if she continued.  Despite Baxter's directive, Mrs. Belisle continued to engage Baxter and was arrested.  (Id. ¶¶ 20 and 21).   This conduct, during a school sponsored event, is sufficient to establish probable cause for violating Va. Code § 18.2-415 (C). See, Mannix v. Com. 31 Va. App. 271, 522 S.E.2d 885 (2000) (a defendant who refused the board chairman's instructions to refrain from questioning the county attorney during the county's public hearing, and further refused to leave the podium was guilty of disorderly conduct); Howard v. City of Roanoke, 51 Va. App. 36, 654 S.E.2d 322 (2007); Lewis v. Kei, 281 Va. at 723.

Moreover, Mrs. Belisle was convicted of disorderly conduct in General District Court. This conclusively determines the existence of probable cause.  See e.g., Copenny, 7 F.Supp. 3d at 640 (holding that a grand jury's indictment conclusively determines probable cause.) Given the totality of the circumstances, there was probable cause to believe that Mrs. Belisle's conduct violated § 18.2-415 (C).   Massey v. Ojaniit, 759 F.3d 343, 356–58 (4th Cir. 2014) (holding

where there was probable cause for arrest, state law claims of malicious prosecution and false imprisonment must be dismissed). As a result, the malicious prosecution claims must be dismissed.

> **d.      The alleged facts do not support the required element of malice.**

The Complaint is also devoid of factual allegations that establish malice. Malice must exist in fact and be proven like any other fact, and "neither lack of probable cause nor the mere failure to act as a reasonably prudent man under the circumstances in instituting the prosecution is the same thing as malice." Caldwell v. Green, 451 F. Supp. 2d 811, 818 (W.D. Va. 2006), citing *Freezer v. Miller,* 163 Va. 180, 203, 176 S.E. 159, 168 (1934). In Virginia, "malice" means "any controlling motive other than a good faith desire to further the ends of justice, enforce obedience to the criminal laws, suppress crime, or see that the guilty are punished." Davis v. Wal-Mart Stores E., L.P., 177 F. Supp. 3d 943, 955 (E.D. Va. 2016), aff'd in part, vacated in part sub nom. Davis v. Walmart Stores E., L.P., 687 F. App'x 307 (4th Cir. 2017) citing Hudson v. Lanier, 255 Va. 330, 333, 497 S.E.2d 471, 763 (1998).

The allegations that Baxter and Whittington acted with malice, falsified evidence and ignored the videotapes are simply conclusory assertions and insufficient to rise to the level of malice required. (Complaint, ¶¶ 89-90); Lewis v. Kei, 281 Va. at 723. Indeed, the Complaint does not state what evidence was falsified or how security video was "ignored and/or covered up", particularly where the Complaint specifically alleges Mrs. Belisle had retained defense counsel to represent her in the criminal proceedings. Thus, the Complaint does not state any facts to show that either Baxter or Whittington were motivated by personal or general animus towards Mrs. Belisle, and Counts I and II should be dismissed with prejudice. Patterson v. Lawhorn, No. 115 cv 477, 2016 WL 3922051, at *6 (E.D. Va. July 20, 2016), aff'd, 685 F. App'x

258 (4th Cir. 2017); <u>Lewis v. Kei</u>, 281 Va. at 724 (allegation that officer did not perform an investigation into charge and only relied upon one witness in bringing charges does not establish malice.)

   **e.**  **Baxter and Whittington are entitled to qualified immunity as to Count I.**

   Baxter and Whittington are entitled to qualified immunity as to Count I, because they did not violate a clearly established right.  Qualified immunity provides immunity from suit rather than a mere defense to liability.  <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815 (1985).  Thus, it should be resolved at the earliest possible stage of litigation.  <u>Anderson v. Creighton</u>, 483 U.S. 635, 646, n. 6 (1987).  The qualified immunity ensures that public employees will not be liable for bad guesses in gray areas, but only for transgressing bright lines. <u>Maciariello v. Sumner</u>, 973 F.2d 295, 298 (4th Cir. 1992).

   The Supreme Court has outlined a two-pronged test governing qualified immunity.   The first prong considers whether the facts, viewed in the light most favorable to the plaintiff, make out a violation of a Constitutional right.  If they do, the second prong considers whether the constitutional right in question was "clearly established" at the time of the defendants' alleged violation.  <u>Pearson v. Callahan</u>, 555 U.S. 223, 231-232 (2009).  The Court has discretion to determine which prong to address first.  <u>Hunsberger v. Wood</u>, 570 F.3d 546, 552 (4th Cir. 2009).

   The Supreme Court also recently reiterated that "clearly established law must be 'particularized' to the facts of the case . . . [o]therwise, plaintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights."  <u>White v. Pauly</u>, 137 S. Ct. 548, 552 (2017) (emphasis added).

   Further,

> a court must ask whether it would have been clear to a reasonable
> officer that the alleged conduct was unlawful in the situation he
> confronted.  If so, then the defendant officer must have been either
> incompetent or else a knowing violator of the law, and thus not
> entitled to qualified immunity. If not, however—*i.e.,* if a reasonable
> officer might not have known for certain that the conduct was
> unlawful—then the officer is immune from liability.

Ziglar v. Abbasi, 137 S. Ct. 1843, 1867 (2017).

"[I]n other words, the legal question must be 'beyond debate.'" *Doe v. Rector & Visitors of George Mason Univ.*, 132 F. Supp. 3d 712, 725 (E.D. Va. 2015) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011)).

As discussed above, taking the alleged facts in the Complaint to be true, there was sufficient probable cause for the arrest of Mrs. Belisle, thus no constitutional right was violated. Moreover, it can hardly be said that a reasonable officer would have known for certain that the conduct was unlawful when a general district judge found Mrs. Belisle guilty of the charge leveled against her – disorderly conduct.  This is particularly true for Whittington who was not even present during the time of Mrs. Belisle's conduct and arrest.  See, e.g., Ware v. James City Cty., Virginia, 652 F. Supp. 2d 693, 704 (E.D. Va. 2009), aff'd sub nom. Ware v. James City Cty., Va., 380 F. App'x 274 (4th Cir. 2010) (holding officers who supported arresting officer could rely on arresting officer's report of probable cause and thus were entitled to qualified immunity from plaintiff's Fourth Amendment claims).

Accordingly, Count I is barred by qualified immunity.

**2.**   **Count III: Mrs. Belisle does not state a claim for False Imprisonment against Baxter and Whttington.**

False imprisonment in Virginia is defined as "the illegal detention of the person, without lawful process, or the unlawful execution of lawful process."  Montgomery Ward & Co. v. Wickline, 188 Va. 485, 489, 50 S.E.2d 387, 388 (1948) (quotation omitted).  The existence of

probable cause to obtain an arrest warrant negates a claim for false imprisonment.  See <u>Lewis v. Kei</u>, 281 Va. at 729.

As described above, the facts as alleged in the Complaint show sufficient probable cause as a matter of law.  As such, Mrs. Belisle's false imprisonment claim should be dismissed with prejudice against both Baxter and Whittington.

Moreover, the allegations only show that Whittington advised Mr. Belisle that Mrs. Belisle would be released on a summons so that they can attend the event at the school. (Complaint ¶¶ 41 and 42).  There are no facts alleged in the Complaint to support the conclusory claim that Whittington caused Mrs. Belisle to be falsely imprisoned.

In addition, Baxter and Whittington are entitled to good faith immunity on all the claims made against them where they "acted in good faith and with reasonable belief in the validity of [Plaintiff's] arrest."  See <u>DeChene v. Smallwood</u>, 226 Va. 475, 480, 311 S.E.2d 749, 751 (1984). This is true even where an officer makes an arrest based on a mistake of law or fact.  See <u>Ford v. City of Newport News</u>, 23 Va. App. 137, 145, 474 S.E.2d 848, 851 (1996).  The allegations are such that a reasonable officer in their circumstances would have believed that Mrs. Belisle was intentionally impeding and disrupting their operation, which interfered with the orderly conduct of the event.

Thus, Count III should be dismissed with prejudice.

**3.  <u>COUNTS IV, V and VII: The Complaint does not state a claim for Defamation Per Se or Insulting Words under Virginia Code §8.01-45 against Baxter, Whittington or Costello.</u>**

The elements of defamation in Virginia are "1) publication of 2) an actionable statement 3) the requisite intent."  <u>Jordan v. Kollman</u>, 269 Va. 569, 612 S.E. 2d 203, 206 (2005). Defamation per se includes statements which impute to the plaintiff the commissions of a

criminal offense, impugn his fitness for his trade, or prejudice plaintiff in pursuit of his trade. Hatfill v. New York Times Co., 416 F. 3d 320, 330 (4th Cir. 2005).  To be actionable, the statement must be both false and defamatory.  Kollman, 269 Va. at 575.  For a statement to be even potentially false, it must also be factual and thus any statements that express the speaker's opinion and not matters of fact are not actionable.  Tharpe v. Saunders, 285 Va. 476, 737 S.E.2d 890 (2013).  The question of whether or not a statement is actionable is a question of law to be determined by the court.  Hatfill, 416 F.3d at 330.  "Ensuring that defamation actions proceed only upon statements which may actually defame a plaintiff 'is an essential gatekeeping function of the court.'"  Pendleton v. Newsome, 290 Va. 162, 172, 772 S.E.2d 759, 763 (2015) (internal citations omitted).

To state a claim under the insulting words statute: a plaintiff must plead words that (1) would be construed as insults and (2) tend to violence and breach of the peace.  Goulmamine v. CVS Pharmacy, Inc., 138 F. Supp. 3d 652, 668 (E.D. Va. 2015) ("[I]nsult alone is not sufficient under the insulting word statute: a plaintiff must also plead sufficient facts such that a reasonable juror could find that the words have a 'clear and present tendency to incite violence.'")  Virginia Code §8.01-45, which was codified to prevent duels, has been interpreted by various Virginia courts to be virtually co-extensive with the common law action for defamation.  Dwyer v. Smith, 867 F.2d 184, 195-196 (4th Cir. 1989), citing Potomac Valve & Fitting, Inc., v. Crawford Fitting Co., 829 F.2d 1280, 1284 (4th Cir. 1987).  Thus, defamation claims and claims brought under Virginia Code §8.01-45 "must ineluctably rise of fall together." (Id.)

### a.   Baxter's alleged statements are not actionable as a matter of law.

The Complaint alleges the following statements were made by Baxter:

1) "Baxter told Fran that no parents were allowed in the hallway and it was not her 'job to escort children.'" (Complaint ¶ 19).

2) "Baxter demanded that Fran leave the School or be arrested." (Complaint ¶ 20).

3) "Baxter stated to Fran and publicly in front of many people that Fran was being arrested for disorderly conduct in a public place." (Complaint ¶ 27).

4) "Baxter told Whittington that she was taking Fran to jail." (Complaint ¶ 34).

5) "Baxter said "no" and argued with Whittington for a minute." (Complaint ¶ 34).

6) "When Fran started to film the incident with her cell phone, Baxter initially ordered Fran to stop." (Complaint ¶ 36).

7) Chief Keohane "republished" statements he heard from Baxter and Whittington, including "Fran was very loud, very aggressive and belligerent to the officers. They gave her several opportunities to leave the area and to calm down and that just didn't happen. If she just listened to the Officers, the arrest would have never occurred." (Complaint ¶ 49).

None of the statements attributable to Baxter are defamatory nor false. Statements # 1, 2, 4, 5 and 6 are benign statements with no defamatory meaning. Further, statement #3 is true, as Baxter was arresting Mrs. Belisle on the charge of disorderly conduct. If statement #3 is deemed actionable, every time an officer informs an arrestee what he/she is being arrested for, a claim of defamation would arise. See e.g, Eaton v. Paramount Parks, Inc., 141 F.3d 1158 (4th Cir. 1998) (to the extent that plaintiff's claim refers to the officers' explanation for why she was being detained, such an explanation under those circumstances would most certainly not "tend to violence and breach of the peace.")

Further, Baxter did not make statement #7. The allegation states in a conclusory manner that Chief Keohane "heard" and "republished" Defendants' statements, yet the Complaint does not specify which Defendants uttered those words to Chief Keohane, or the exact words attributable to Baxter or Whittington. Instead, the allegation is a generic summary of the Chief's understanding of the events which is not actionable against Baxter. Moreover, the Supreme Court has held, distinguishing republication of libel and slander;

14

[I]f one person slander another he is only liable for such damage as results directly from the one utterance of his own lips. If a third person hears him and chooses to repeat the tale, that is his own act, and he alone is answerable should damage ensue. In an action against the first person such special damage would be too remote.

For such publication of a slander is a distinct and separate act, and every person repeating it becomes an independent slanderer, and he alone is answerable for the consequences of his own unlawful act.

Luhring v. Carter, 193 Va. 529, 536, 69 S.E.2d 416, 420–21 (1952) (internal citations omitted).

The narrow exception to this general rule only applies when the republication was a natural and probable consequence of the original publication, or when the original speaker actually or presumptively authorized its republication. Dragulescu v. Virginia Union University, 223 F. Supp.3d 499 (2016), citing Watt v. McKelve, 219 Va. 645, 649, 248 S.E.2d 826 (1978). Here, the allegations are insufficient to show not only the underlying defamatory statements by Baxter, but also that Baxter actually or presumptively authorized her Chief to make such statements or they were a natural and probable consequence of an issuance of a misdemeanor summons by an officer. See, Goulmamine, 138 F. Supp. 3d at 670 (concluding "that insulting words claims must state the insulting language *in haec verba* in federal as well as state court.")

> **b.  Whittington's alleged statements are not actionable as a matter of law.**

The Complaint alleges the following statements by Whittington:

1) "Whittington told Baxter to take Fran [to] the principal's office."  (Complaint ¶ 34).

2) "Whittington told Pierre that Fran was still handcuffed because she was still under arrest."  (Complaint ¶ 41).

3) Whittington told Pierre "Fran was going to be released on a summons and that she and Pierre would be able to attend their 9 year old's pre-performance."  (Complaint ¶ 42).

4) Whittington asked Pierre "to wait a minute because he needed to record Pierre's threat." (Complaint ¶ 42).

5) "Whittington told Fran that he did not have to tell her anything and that she would be informed in Court about these details." (Complaint ¶ 43).

6) To Progress-Index reporter; "Hopewell Police Capt. Mike Whittington said that he understood that Belisle had 'started getting disorderly with the officers' and yelling while they were engaged in closing off restricted areas. However, he noted that he had not personally witnessed the incident and that officers would have to review the body camera footage of the incident." (Complaint ¶ 45).

7) Chief Keohane "republished" statements he heard from Baxter and Whittington, including "Fran was very loud, very aggressive and belligerent to the officers. They gave her several opportunities to leave the area and to calm down and that just didn't happen. If she just listened to the Officers, the arrest would have never occurred." (Complaint ¶ 49).

Statements #1 through 5 are benign and not defamatory. Similarly, statement #7 is not actionable against Whittington for the same reasons it is not actionable against Baxter, as set out above.

Lastly, the alleged statement in #6 to Progress-Index reporter is not defamatory nor offered as a factual statement. When read as a whole, Whittington's alleged statements were not factual statements, but rather his opinion and understanding of the circumstances which is not actionable under defamatory *per se* or Va. Code §8.01-45. McCray v. Infused Solutions, LLC., No. 4:14 cv 158, 2018 WL 2392507, at *6 (E.D. Va. May 25, 2018) (holding that to be actionable, the alleged statements must make the plaintiff appear odious, infamous or ridiculous.)

Thus, Counts IV and V should be dismissed with prejudice.

### c.    Mrs. Belisle does not allege a false factual statement made by Costello.

In Count VII of the Complaint, Mrs. Belisle claims in conclusory fashion that Costello "made and published false statements of fact" about her. However, she has not alleged in the Complaint any factual statements attributable to Costello. To properly state a claim for defamation, a Complaint must allege the exact words that the defendant published.

16

> Good pleading requires that the exact words spoken or written most be set out in the declaration *in haec verba*. Indeed, ***the pleading must go further,***—that is, it must purport to give the exact words. Not only must the exact words be charged, but they must be proven, or at least a sufficient number proven to make out a good cause of action. ***Words of equivalent or similar import are not sufficient***. They must be substantially proven as alleged.

Fed. Land Bank of Baltimore v. Birchfield, 173 Va. 200, 215, 3 S.E.2d 405, 410 (1939) (emphasis added). This rule applies in the Eastern District as well. Goulmamine, 138 F. Supp. 3d at 670 (recognizing that the Eastern District of Virginia regularly cites the pleading standards of Virginia state law when they dismiss defamation cases for failure to plead exact words and applying this standard under the insulting words statute.) Accordingly, Mrs. Belisle has not stated a claim against Costello for defamation and Count VII should be dismissed.

**C.** **Mr. Belisle has not stated a cause of action against Costello.**

**1.** **COUNT VI: The Complaint does not state sufficient facts to state a cause of action for malicious prosecution against Costello.**

Mr. Belisle alleges in a conclusory manner that Costello maliciously prosecuted him. However, the Complaint lacks sufficient facts to support that allegation. Lewis v. Kei, 281 Va. at 723 (the assertion that an officer lacked probable cause to seek a warrant for his arrest is a legal conclusion, not a statement of fact.)

The only specific allegations against Costello are that he was present during Mrs. Belisle's incident, that he obtained a warrant for arrest based on Kyles' complaint, and that he sent multiple requests to CPD to serve the arrest warrant. (Complaint ¶¶ 34, 72 and 73).

Here, the allegations in the Complaint are sufficient to establish probable cause for a charge of obstruction of justice, by way of attempting to intimidate a witness.[3] The Complaint

---

[3] Virginia Code § 18.2-460 prohibits any person, without just cause or by threat or force, from knowingly obstructing a witness or refuses without just cause to cease such obstruction when requested to do so by such witness is guilty of a Class 1 misdemeanor.

alleges that Kyles testified against Mrs. Belisle on September 18, 2017.   Later that same afternoon, Mr. Belisle approached Kyles who was sitting in his school bus, blocked the door, and accused Kyles of being a liar.   (Id. ¶ 63).   Kyles stated to Mr. Belisle that he felt threatened and asked him to leave, but Mr. Belisle admits that he did not follow Kyles' request to step away from him.   Instead, he continued to engage Kyles.   Kyles then reported Mr. Belisle's conduct and filed a complaint.   (Id. ¶¶ 65, 66, 67 and 68).   Costello was entitled to rely on the statement of Kyle's in establishing probable cause to seek a warrant.   See, Lewis, 281 Va. at 724, 708 S.E.2d at 890.   Moreover, a Magistrate found probable cause in issuing the warrant.   (Exhibit 2).   Thus, as with Mrs. Belisle's malicious prosecution claim, not only did Costello not "cause" Mr. Belisle's prosecution, but there was probable cause to do so.   See, Copenny, 7 F.Supp. 3d at 640.

Further, Mr. Belisle also cannot state a malicious prosecution claim because he has not alleged facts that could establish that Costello acted with malice.   The Complaint, with the exception of conclusory phrases, does not allege facts that address this element of the cause of action.   As such, the claim should be dismissed.   See e.g., Lewis v. Kei, 281 Va. at 724, 708 S.E.2d at 890. (While Kei did not perform any further investigation prior to seeking the arrest warrant from the magistrate, this fact alone does not establish that Kei acted in bad faith or with malice toward Lewis.")

## 2.   COUNTS VII and VIII: the Complaint does not state a claim for Defamation Per Se or Insulting Words under Virginia Code §8.01-45 against Costello.

In order to state a cause of action for defamation, a plaintiff must specifically state in the Complaint, the exact words spoken or written by the defendant.   The Federal Land Bank of Baltimore v. Birchfield, 173 Va. 200, 215, 3 S.E.2d 405, 410-411 (1939).   The pleading must not only contain the exact words used, but they must be proven to make out a good cause of action.

Id.  As noted above, this requirement is necessary to plead a cause of action under the fighting words statute as well.

As a threshold matter, the Complaint does not attribute any statements to Costello.  As such, Counts VII and VIII should be dismissed with prejudice for lack of specific pleading.[4]

To the extent that the Complaint, albeit insufficiently, attempts to allege that the defamation claim arises out of Costello's purported statements to obtain the warrant against Mr. Belisle,  Costello is afforded absolute immunity for his statements.  In Virginia, words spoken or written during a judicial proceeding that are relevant and pertinent to the matter are absolutely privileged.  Mansfield v. Bernabei, 284 Va. 116, 121-122 (2012), see also, Penick v. Ratcliffe, 149 Va. 618, 632 (1927) and Donohoe Constr. Co., Inc. v. Mount Vernon Associates, 235 Va. 531, 537 (1988).

It is also well settled that the police officer swearing out a warrant or testifying in court is entitled to absolute privilege as to defamation and Virginia's insulting word statute under Virginia Code §8.01-45.  Daniczek v. Spencer, 156 F. Supp. 3d 739 (2016), see also, Darnell v. Davis, 190 Va. 701, 708, 58 S.E.2d 68 (holding that lay man swearing out a written request to a justice of the peace was entitled to absolute privilege in the context of Virginia's fighting words statute); Potomac Valve & Fitting Inc., 829 F.2d at 1284 (noting co-extensive nature of Virginia fighting words and defamation statutes) and Lindeman v. Lesnick, 268 Va. 532, 537, 604 S.E.2d 55, 58 (2004) (noting that a speaker does not lose absolute immunity under any circumstances, even on a showing of malice).  Accordingly, Mr. Belisle's claims for defamation and violation of Va. Code §8.01-45 should be dismissed.

---

[4] For brevity and judicial economy, Costello incorporates the law and arguments made in section B.3.c of this brief as if fully set forth herein.

## IV.  <u>Conclusion</u>

For the reasons stated above, the Motion to Dismiss should be granted and all claims against Baxter, Whittington and Costello should be dismissed with prejudice.

**LAURA BAXTER, MICHAEL
WHITTINGTON AND LAWRENCE
COSTELLO**

By Counsel

/s/ _____
Jeremy D. Capps (VSB No. 43909)
Saemi Murphy (VSB No. 73281)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
jcapps@hccw.com
smurphy@hccw.com

## <u>C E R T I F I C A T E</u>

       I hereby certify that on the 6th day of August, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

          Steven S. Biss, Esq.
          300 West Main Street, Ste. 102
          Charlottesville, VA 22903
          stevenbiss@earthlink.net

          Jennifer D. Royer, Esq.
          Royer Law Firm, P.C.
          P.O. Box 4525
          1901 Denniston Ave, SW
          Roanoke, VA 24015
          jroyer@royerlawfirm.com

                    /s/_____
                    Jeremy D. Capps (VSB No. 43909)
                    Saemi Murphy (VSB No. 73281)
                    Attorney for Laura Baxter, Michael Whittington
                    and Lawrence Costello
                    Harman, Claytor, Corrigan & Wellman
                    P.O. Box 70280
                    Richmond, Virginia  23255
                    804-747-5200 - Phone
                    804-747-6085 - Fax
                    jcapps@hccw.com
                    smurphy@hccw.com